# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD,** | ) ) ) | |
| Petitioner, | ) ) | Case No. 1:17MC00018 |
| v. | ) ) | **OPINION AND ORDER** |
| **COBALT COAL LTD., ET AL.,** | ) ) ) | By: James P. Jones United States District Judge |
| Respondents. | ) | |

*Paul A. Thomas, Trial Attorney, National Labor Relations Board, Washington, D.C., for Petitioner; Daniel R. Bieger, Dan Bieger, PLC, Bristol, Tennessee, for Respondent Cobalt Coal Ltd.*

The petitioner in this matter, the National Labor Relations Board ("NLRB"), brings an Application for Attorney Fees to recover fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) from respondent Cobalt Coal Ltd. ("Cobalt") relating to the attorney's fees the NLRB incurred in making its motion to compel Cobalt to produce documents, which I granted. Cobalt contends that the NLRB's motion to compel was unnecessary, and therefore the court should not award attorney's fees. For the reasons that follow, I will grant the NLRB's application.

I.

The NLRB moved to compel Cobalt to produce documents in response to the NLRB's First and Second Requests for Production of Documents, and I granted

the motion, ordering Cobalt to produce all documents responsive to the requests for production at issue. I further granted costs and attorney's fees to the NLRB and ordered that the NLRB submit a certified statement of the costs and reasonable expenses, including attorney's fees, that it incurred as a result of Cobalt's noncompliance with its discovery obligation. I also ordered that following the NLRB's submission, Cobalt "shall submit a brief in opposition to any of the costs claimed by the Board; failure to submit a specific opposition to any claimed cost or expense shall constitute an admission that the claimed cost or expense is appropriately awarded." Order Compelling Disc. 2, ECF No. 17.

The NLRB then filed its Application for Attorney Fees, requesting fees for a total of 21.2 hours of time attributable to Cobalt's failure to comply with its discovery obligations. The NLRB requests that its fees be calculated using hourly rates established in a matrix prepared by the United States Attorney's Office for the District of Columbia ("USAO") to evaluate requests for attorney's fees in civil cases in District of Columbia courts.[1] Using the rates in the USAO matrix, the NLRB requests a total of $7,503.20 in attorney's fees. Cobalt's response to the NLRB's application contends that the NLRB's motion to compel was unnecessary, and therefore no attorney's fees should be awarded.

---

[1] The USAO matrix is an updated version of the matrix developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), also called the "Laffey Matrix."

The issues have been fully briefed and are ripe for decision.

II.

A party may move for an order compelling discovery after attempting in good faith to obtain discovery without court action. Fed. R. Civ. P. 37(a)(1). The court may issue the order when the opposing party has failed to produce documents or has provided an evasive or incomplete response, among other things. *See* Fed. R. Civ. P. 37(a)(3). If the court grants a motion for an order compelling discovery, the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the movant filed the motion before attempting in good faith to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Here, I granted the NLRB's motion to compel Cobalt to produce documents, along with attorney's fees for the expenses it incurred in making the motion, because of Cobalt's failure to fully engage in discovery without justification and despite the NLRB's multiple attempts to obtain the discovery without court action. Cobalt's contention that the NLRB's motion to compel was unnecessary, and thus the court should not award attorney's fees, is unfounded. The documents Cobalt states that it produced prior to the NLRB's motion did not satisfy the discovery

requests at issue. Cobalt satisfied these requests only after the court's order compelling production. Moreover, Cobalt did not substantially justify its failure to produce the requested documents. Accordingly, I will turn to the amount of attorney's fees I will award.

"The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989).[2] The court may then adjust this initial calculation by looking to the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) to reach a final reasonable attorney's fee. *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 244-45 (4th Cir. 2010) (unpublished).

The reasonable hourly rate is typically determined by looking to the "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Id.* However, the court may consider rates charged by attorneys in other communities when "the complexity and specialized nature of a case may mean that no attorney, with the required skills, is available locally, and the party choosing the attorney from elsewhere acted reasonably in

---

[2] I have omitted internal quotation marks, citations, and alterations throughout this opinion, unless otherwise noted.

making the choice." *Id.* at 179 (quoting *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317 (4th Cir. 1988)). When the relevant market is Washington, D.C., the USAO matrix is a reasonable measure of hourly rates. *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995).

The NLRB requests that its fees be calculated using the hourly rates established in the USAO matrix. In doing so, it asserts that the court should consider rates charged by attorneys in Washington, D.C., when determining the reasonable hourly rate in this matter. Cobalt's response to the NLRB's fee application does not specifically oppose this method of determining the reasonable hourly rate.

I agree with the NLRB's use of the USAO matrix to determine the reasonable hourly rate in this matter. I first note that pursuant to the Order Compelling Discovery, Cobalt's failure to specifically oppose any claimed cost or expense, including attorney's fees, "constitute[s] an admission that the claimed cost or expense is appropriately awarded." Order Compelling Disc. 2, ECF No. 17. Moreover, it was reasonable for the NLRB to use an NLRB attorney practicing in Washington, D.C., in this matter, as NLRB work is highly specialized. Further, it was reasonable for the NLRB to provide its own legal counsel throughout the case. Accordingly, I will determine the reasonable hourly rate in this matter based on the rate of the government attorney who performed the work rather than that of

a local attorney. I will look to the USOA matrix to provide the reasonable hourly rate, as it provides the rates that government attorneys can command in the Washington, D.C., market.

Having determined the reasonable hourly rate for this matter, I turn to the number of hours reasonably expended. I note that Cobalt's response to the NLRB's fee application does not oppose the number of hours set out by the NLRB. Further, I find that the number of hours is reasonable, and no adjustment based on the *Johnson* factors is necessary. Accordingly, the NLRB's Application for Attorney Fees, ECF No. 21, is GRANTED, and the NLRB is awarded attorney's fees in the amount of $7,503.20.

It is so **ORDERED**.

ENTER: October 25, 2018

/s/ James P. Jones
United States District Judge